**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

|  |  |
|---|---|
| Dr. H. Clifford Lane,<br><br>               Plaintiff,<br><br>    v.<br><br>Robert F. Kennedy, Jr., Secretary, *et al*.,<br><br>              Defendants. | Case No. 26-2110 |

**MOTION TO WAIVE LOCAL RULE 102.2(a) REQUIREMENT TO PROVIDE
PLAINTIFF'S ADDRESS IN COMPLAINT CAPTION**

Plaintiff H. Clifford Lane respectfully seeks an order waiving the requirement under

Local Rule 102.2(a) that he provide his home address in the caption of the complaint. The

accompanying memorandum describes the grounds for this motion.

Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal (Bar No. 21101)
Olga M. Thall (Bar No. 18516)
*Charlotte H. Schwartz
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
Tel: (202) 496-0500
Fax: (202) 496-0555
omthall@jamhoff.com
dmrosenthal@jamhoff.com
chschwartz@jamhoff.com

*Joshua M. Salzman
*Webb Lyons
Elena Goldstein (Bar No. 31738)
Democracy Forward Foundation

1

P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Facsimile: 202-796-4426
jsalzman@democracyforward.org
wlyons@c.democracyforward.org
egoldstein@democracyforward.org

*Applications and Motions for Pro Hac Vice
Admission to be Filed*

Dated: May 28, 2026                              *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

Dr. H. Clifford Lane,

                    Plaintiff,

      v.

Robert F. Kennedy, Jr., Secretary, *et al*.,

                  Defendants.

Case No. 26-2110

**MEMORANDUM IN SUPPORT OF MOTION TO WAIVE LOCAL RULE 102.2(a)
REQUIREMENT TO PROVIDE PLAINTIFF'S ADDRESS IN COMPLAINT CAPTION**

Plaintiff H. Clifford Lane respectfully asks the Court to waive the requirement under Local Rule 102.2(a) that the "original complaint" in a civil action "contain the names and addresses of all parties." Specifically, although Dr. Lane's complaint includes his name and county of residence, as well as the name and office address of all Defendants, Dr. Lane seeks to withhold his home address. The Court granted such relief in a similar lawsuit filed by Jeanne Marazzo, who, like Dr. Lane, was fired from a senior position at the National Institute of Allergy and Infectious Diseases at the National Institute of Health. *See Marrazzo v. Kennedy*, Case No. 25-cv-04144, Dkt. No. 27 (Mar. 13, 2026). The Court should likewise grant Dr. Lane's motion.

## I.    Argument

### A.  Legal standard

The Court has granted a waiver from Rule 102.2(a) when "compelling concerns relating to personal privacy or confidentiality . . . warrant some degree of anonymity" and when there are "limited countervailing public interests at play." *Edgar v. Coats*, 454 F. Supp. 3d 502, 521–22 (D.

Md. 2020) (internal quotation marks, citation omitted). In doing so, the Court has considered the following factors:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party: and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to procced anonymously.

*Id.* at 521 (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014)).

The Court has also considered whether there is "any confusion about [plaintiffs'] identities" and whether "any ambiguity that did exist would . . . be remedied by ordering disclosure of their home addresses." *Id.* at 522.

**B. Dr. Lane reasonably fears that he may face harassment if his home address is disclosed.**

Dr. Lane pursues this case to challenge his termination after nearly fifty years of exceptional public service. *See* Complaint, ECF No. 1, ¶¶ 18–26, 45-28, 46. As alleged in the complaint, Dr. Lane's termination appears to be based on his association with Dr. Anthony Fauci, with whom he worked closely for decades. *Id.* ¶¶ 28–3629-37. President Donald Trump and Secretary Robert F. Kennedy, Jr., have made negative public statements about Dr. Fauci. *Id.* ¶ 36. Further, Dr. Fauci and Dr. Lane were both the subject of false allegations in a document known as "Project 2025," which identified perceived enemies of the Trump administration. *Id.* ¶ 37.

Plaintiff is reasonably concerned about the risk of harassment from disclosure of his home address. This case is likely to attract interest from the media and the public. For example, there has been significant media coverage of Jeanne Marazzo's lawsuit referenced above. *See, e.g.,* Michael Kaplan, *Former top vaccine official sues Trump administration over her firing*,

4

CBS News (Dec. 16, 2025), https://www.cbsnews.com/news/former-top-vaccine-official-jeanne-marrazzo-sues-trump-administration-firing/.

Dr. Lane faces a risk that individuals who learn about the case will target him for harassment, just as Dr. Fauci and others associated with him have faced harassment. For instance, one of the leading candidates for governor of Florida has written on X.com: "If our founding fathers knew what Dr. Fauci did in 2020, they would've publicly executed him."[1] That post has received more than 2300 "likes." On the same website, Laura Loomer asserted that "Fauci Holdovers at @NIH and @HHSGov are about to unleash Ebola in America in an effort to undermine President Trump's second term with another pandemic so they can steal more elections."[2] That post has received more than 13,000 "likes."

To date, we are not aware of Dr. Lane specifically being targeted with similar rhetoric, perhaps because he has not spoken publicly about his firing. But there is a significant risk that this lawsuit will bring public attention to Dr. Lane and his termination, and that harassment will follow. Accordingly, as in *Marazzo*, the Court should recognize that Dr. Lane faces a risk of retaliatory harm.

### C. The public interest in disclosure of Dr. Lane's address is minimal at best.

Dr. Lane's home address is "of minimal import to furthering the openness of judicial proceedings." *Edgar*, 454 F. Supp. 3d at 522 (internal quotation marks, citation omitted). As in *Edgar*, "there can be little if any confusion" about Dr. Lane's identity because the Complaint explains his professional background in substantial detail. Further, Dr. Lane's address is not "relevant to any questions before the Court." *Id.* Thus, the withholding of Dr. Lane's address will

---

[1] James Fishback (@j_fishback), X (May 11, 2026, at 8:54 ET), https://perma.cc/DB5Y-2GFH
[2] Laura Loomer (@LauraLoomer), X (May 17, 2026, at 10:57 ET), https://perma.cc/35VJ-V4WK

not adversely affect the public's ability to follow and understand these proceedings. *See also*

*Casa de Md., Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *2 (D. Md. Apr. 25, 2018)

("Individual Plaintiffs' addresses and counties of record are of minimal import to furthering the

openness of judicial proceedings.").

### D. Defendants face no prejudice.

Dr. Lane resides at the same address where he lived as a government employee before his

termination in December 2025. Accordingly, Defendants can easily access his address.

Defendants will not be prejudiced by the withholding of Dr. Lane's address from the complaint.

## II.    Conclusion

For the foregoing reasons, the Court should waive the requirement under Local Rule

102.2(a) that Dr. Lane include his home address in his complaint.

Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal (Bar No. 21101)
Olga M. Thall (Bar No. 18516)
*Charlotte H. Schwartz
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
Tel: (202) 496-0500
Fax: (202) 496-0555
omthall@jamhoff.com
dmrosenthal@jamhoff.com
chschwartz@jamhoff.com

*Joshua M. Salzman
*Webb Lyons
Elena Goldstein (Bar No. 31738)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Facsimile: 202-796-4426
jsalzman@democracyforward.org
wlyons@c.democracyforward.org

egoldstein@democracyforward.org

*Applications and Motions for Pro Hac Vice Admission to be Filed*

Dated: May 28, 2026                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Maryland by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal