**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**H. Clifford Lane,**

**Plaintiff,**

**v.**

**Robert F. Kennedy, Jr.,** ***Secretary, Department of Health and Human Services*****;**

**U.S. Department of Health and Human Services;**

**Jayanta Bhattachaya,** ***Director, National Institutes of Health*****;**

**National Institutes of Health;**

**Jeffery Taubenberger,** ***Former Acting Director, National Institute of Allergy and Infectious Diseases*****[1];**

**National Institute of Allergy and Infectious Diseases.**

**Defendants.**

**Case No. 8:26-cv-02110-PX**

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT–ECF NO. 1**

## I. INTRODUCTION (¶¶ 1–9)

[1] Dr. John H. Powers III, the current Acting Director of the National Institute of Allergy and Infectious Diseases, is automatically substituted in place of Jeffery Taubenberger pursuant to Federal Rule of Civil Procedure 25(d).

1. Defendants admit that Plaintiff was employed at NIH for approximately 46 years. Defendants deny that Plaintiff's termination was "politically motivated" or "unlawful." Defendants are without sufficient knowledge or information to admit or deny the remaining characterizations in this paragraph and, on that basis, deny them.

2. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph on that basis, deny them.

3. Defendants deny the characterization that Plaintiff's termination was based on a "partisan vendetta" or that it was related to any "association" with Dr. Anthony Fauci in the manner alleged. Defendants are without sufficient knowledge or information to admit or deny the remaining characterizations in this paragraph and, on that basis, deny them.

4. Defendants deny the allegations in this paragraph.

5. Defendants admit that Plaintiff was placed on administrative leave in March 2025 and that Plaintiff remained on administrative leave until his termination in December 2025. Defendants are without sufficient knowledge or information to admit or deny the characterization that a reassignment was proposed but "never materialized" and, on that basis, deny it. Defendants deny that any action taken with respect to Plaintiff's administrative leave was improper.

6. Defendants admit that Defendant informed Plaintiff of his termination by letter dated December 23, 2025, signed by Secretary Kennedy, and that the letter states it is issued "[p]ursuant to the U.S. Constitution, Article II, § 2, cl. 2." Defendant denies the remaining allegations.

7. Defendants deny the allegations in this paragraph.

8. Paragraph 8 contains legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

9. Defendants admit that Plaintiff filed a mixed case appeal with the MSPB on January 22, 2026, which speaks for itself. The remaining allegations of this Paragraph state legal conclusions and characterizations to which no answer is required. To the extent an answer is required, denied.

## II. JURISDICTION AND VENUE (¶¶ 10–11)

10. Paragraph 10 contains jurisdictional statements to which no response is necessary. To the extent a response is required, denied.

11. Paragraph 11 contains legal conclusions to which no Answer is required. To the extent an Answer is required, Defendant admits that venue is appropriate in this district.

### III. PARTIES (¶¶ 12–17)

12. Defendants are without sufficient knowledge or information to admit or deny Plaintiff's state of citizenship and, on that basis, deny it.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants admit that at the time of the events described in the Complaint, Jeffery Taubenberger served as Acting Director of NIAID. Defendants state that Dr. John H. Powers III is the current Acting Director of NIAID and is automatically substituted in place of Jeffery Taubenberger pursuant to Federal Rule of Civil Procedure 25(d).

17. Admitted.

### IV. FACTUAL ALLEGATIONS

#### Dr. Lane's Career and Appointment History (¶¶ 18–28)

18. Defendants admit that Plaintiff joined NIH in 1979 and worked in the areas described. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis, deny them.

19. Defendants are without sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis, deny them.

20. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

21. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

22. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

23. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

24. Defendants admit that Plaintiff received performance evaluations during his tenure at NIH, that those evaluations speak for themselves, and refer to those evaluations for their complete and accurate content. Defendants deny any characterization of those evaluations inconsistent with their complete content.

25. Defendants admit that Plaintiff began at NIH in 1979 as a Commissioned Officer and that he received tenure as a Senior Investigator in 1982.

26. Defendants admit that in 2008 Plaintiff's appointment was converted to a special consultant appointment under 42 U.S.C. § 209(f), and that Plaintiff held that appointment, in the excepted service, from 2008 until his termination. The remaining allegations of this paragraph state legal conclusions to which no response is required. To the extent an answer is required, denied.

27. Defendants admit that Plaintiff held the titles identified in this paragraph at the time of his termination, and the dates since which he held each. Defendants are without sufficient knowledge or information to admit or deny the characterization of Plaintiff's career as "distinguished" and, on that basis, deny it.

28. Defendants deny the allegations in this paragraph.

**Dr. Lane's Relationship with Dr. Fauci (¶¶ 29–37)**

29. Defendants admit that Dr. Fauci previously served as Director of NIAID and that he served as Plaintiff's supervisor for a period of years. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

31. Defendants are without sufficient knowledge or information to admit or deny that Dr. Fauci served as Plaintiff's rating official for the full period from 1986 to 2022, and, on that basis, deny it. Defendants admit that Plaintiff received performance evaluations during his tenure at NIH, that those evaluations speak for themselves, and refer to those evaluations for their complete and accurate content to the extent available. Defendants deny any characterization of those evaluations inconsistent with their complete content.

32. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

33. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

34. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and, on that basis, deny them.

35–37. Defendants are without sufficient knowledge or information to admit or deny the truth of the quoted news reports, public statements, and characterizations of administration policy contained in these paragraphs and, on that basis, deny them. Defendants deny any allegation that Plaintiff's termination was motivated by his association with Dr. Fauci.

**Administrative Leave and Termination (¶¶ 38–48)**

38. Defendants admit that any email attributed to Thomas J. Nagy referenced in this paragraph speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

39. Defendants admit that any email attributed to Thomas J. Nagy referenced in this paragraph speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

40. Defendants admit that any email attributed to Thomas J. Nagy referenced in this paragraph speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

41. Defendants deny the allegations in this paragraph.

42. Defendants admit that any email attributed to Thomas J. Nagy and the response sent by Plaintiff on or about April 2,2025, referenced in this paragraph speaks for themselves. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

43. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph and, on that basis, deny them.

44. Defendants admit that any letter or communication referenced in this paragraph speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

45. Defendants admit that any letter or communication referenced in this paragraph speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

46. Defendants admit that Plaintiff received a letter dated December 23, 2025, signed by Secretary Kennedy, which speaks for itself. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph and, on that basis, deny them.

47. Defendants admit that Plaintiff is over 60 years of age. Defendants deny that Plaintiff's age played any role in the decision to terminate his appointment. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and, on that basis, deny them.

48. Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph and, on that basis, deny them.

**Merit Systems Protection Board (MSPB) Appeal (¶¶ 49–53)**

49. Defendants admit that Plaintiff filed a mixed case appeal with the MSPB on January 22, 2026, Appeal No. 2026A004109, which speaks for itself.

50. Defendants admit that Plaintiff filed a mixed case appeal with the MSPB on January 22, 2026, Appeal No. 2026A004109, which speaks for itself.

51. Defendants admit that the MSPB issued an acknowledgment notice on or about January 22, 2026, which speaks for itself.

52. Defendants admit that the that the MSPB issued an order referencing possible dismissal without prejudice pending a decision in another matter, which speaks for itself.

53. This paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, denied.

## V. SPECIFIC COUNTS

**COUNT I — Age Discrimination in Employment Act, 29 U.S.C. § 633a (¶¶ 54–60)**

54. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, denied.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, admitted.

57. Admitted that Plaintiff is over sixty years of age.

58. Denied.

59. Denied.

60. Denied that Plaintiff suffered damages as a result of any unlawful conduct by Defendants.

**COUNT II — Violation of the Civil Service Reform Act, 5 U.S.C. § 7513 (¶¶ 61–68)**

61. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, denied.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, denied.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, denied.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, denied.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, denied.

67. Paragraph 67 states legal conclusions to which no response is required. To the extent a response is required, denied.

68. Denied that Plaintiff suffered damages as a result of any unlawful conduct by Defendants.

**COUNT III — Violation of the Fifth Amendment (¶¶ 69–74)**

69. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, denied.

71. Paragraph 71 quotes the Due Process Clause, which speaks for itself, and states a legal conclusion to which no response is required.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, denied.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, denied.

74. Denied that Plaintiff suffered damages as a result of any unlawful conduct by Defendants.

**COUNT IV — Violation of the First Amendment (¶¶ 75–80)**

75. Defendants incorporate by reference their responses to the preceding paragraphs as if fully set forth herein.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, denied.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, denied.

78. Denied.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, denied.

80. Denied that Plaintiff suffered damages as a result of any unlawful conduct by Defendants.

**RESPONSE TO PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, including paragraphs 1 through 9 thereof, or to any relief whatsoever. To the extent that any aforementioned clauses may be deemed to contain any allegations of fact, each and every such allegation is denied.

All allegations not specifically responded to above are denied.

## VI. AFFIRMATIVE DEFENSES

Without waiving, limiting, modifying, or amending the foregoing, Defendant asserts the following additional and affirmative defenses, in the alternative where appropriate, and to the extent discovery and the evidence so indicate:

**First Defense — Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted, in whole or in part, under Fed. R. Civ. P. 12(b)(6).

**Second Defense — Committed to Agency Discretion by Law**

To the extent Plaintiff's claims sound in the Administrative Procedure Act or seek review of the exercise of removal authority under 42 U.S.C. § 209(f), such claims are barred because the challenged action was committed to agency discretion by law and is unreviewable under 5 U.S.C. § 701(a)(2).

**Third Defense — Inferior Officer Status**

Plaintiff's position involved the exercise of significant authority such that Plaintiff was an inferior officer subject to removal under Article II, § 2, cl. 2 of the U.S. Constitution, notwithstanding 42 U.S.C. § 209(f) or 5 U.S.C. § 7513.

**Fourth Defense — Removal for Efficiency of the Service**

Even if Plaintiff's position and appointment entitled him to the procedures set forth in 5 U.S.C. § 7513, Plaintiff's removal pursuant to Article II of the United States Constitution and 42 U.S.C. § 209(f) was a removal taken to "promote the efficiency of the service" as contemplated by 5 U.S.C. § 7513(a).

**Fifth Defense — No Protected Property Interest**

Plaintiff had no protected property interest in continued federal employment because his position was subject to removal under Article II, as described in the Third Defense above. Accordingly, Count III fails as a matter of law.

**Sixth Defense — Legitimate, Non-Discriminatory and Non-Retaliatory Reasons**

Any personnel action taken with respect to Plaintiff was taken for legitimate, non-discriminatory, non-retaliatory, and constitutionally permissible reasons unrelated to Plaintiff's age, political affiliation, or protected association, and Plaintiff cannot establish that any prohibited factor was a but-for or motivating cause of the challenged action.

**Seventh Defense — Sovereign Immunity**

To the extent Plaintiff seeks monetary relief not authorized by an applicable waiver of sovereign immunity, such claims are barred.

**Eighth Defense — Failure to Mitigate Damages**

Plaintiff has failed to mitigate his damages, if any, and any recovery should be reduced accordingly.

**Ninth Defense — Reservation of Rights**

Defendants reserve the right to assert additional affirmative defenses that become apparent through discovery or further factual development.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor on all counts, dismiss the Complaint with prejudice, and award Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: *___/s/ Tarra DeShields___*
Tarra DeShields (Bar No. 07749)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800 (phone)
(410) 962-2310 (fax)
Tarra.DeShields@usdoj.gov
*Counsel for the Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2026, the foregoing Defendants' Answer to the Plaintiff's Complaint – ECF No. 1, was filed with the Clerk of the Court using the CM/ECF system and was thus served upon Plaintiff's counsel of record:

Daniel Rosenthal, Esquire
Olga Thall, Esquire
Charlotte Schwartz, Esquire
1629 K Street, NW, Suite 1050
Washington, D.C. 20006
Tel: (202) 496-0500
Fax: (202) 496-0555
omthall@jamhoff.com
dmrosenthal@jamhoff.com
chschwartz@jamhoff.com

/s/*Tarra DeShields*____________
Tarra DeShields
Assistant United States Attorney